UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALCO CREW AND WORKBOATS, LLC | CIVIL ACTION |
| VERSUS | NO. 20-2660-WBV-MBN |
| SUNRAY MARKETING, LLC | SECTION: D (5) |

ORDER AND REASONS

Before the Court is an Exparte Motion to Reopen Case, filed by Calco Crew and Workboats, LLC ("Calco").[1] Sunray Marketing, LLC ("Sunray") opposes the Motion,[2] and Calco has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

I. FACTUAL AND PROCEDURAL BACKGROUND

On September 30, 2020, Calco filed a Verified Complaint for Rule B Maritime Attachment, seeking maritime attachment and garnishment of property owned by Sunray.[4] In the Complaint, Calco alleged claims for breach of maritime contracts, unjust enrichment/quantum meruit arising out of maritime contracts, and negligence under general maritime law.[5] Calco also requested a writ of attachment over barrels of crude oil stored aboard two Calco barges that were located within this District at the time.[6] The Court denied without prejudice Calco's original Motion for Issuance

---

[1] R. Doc. 29.
[2] R. Doc. 30.
[3] R. Doc. 37.
[4] R. Doc. 1.
[5] *Id*. at pp. 3-5.
[6] *Id*. at pp. 5-6.

of Writ of Attachment,[7] prompting Calco to file an Amended Complaint for Rule B Maritime Attachment on October 2, 2020.[8] The Court issued an Order Authorizing the Issuance of a Writ of Attachment on October 15, 2020,[9] which was later vacated upon Calco's request.[10]

Thereafter, on January 29, 2021, the parties attended a settlement conference with Magistrate Judge North, during which the parties reached a settlement.[11] According to the Minute Entry issued by Judge North, "the material terms of the settlement agreement were memorialized on the record."[12] Based upon notification of the settlement, the Court issued an Order dismissing the case without prejudice "to the right, upon good cause shown, to reopen the action if settlement is not consummated within a reasonable time."[13] The Court further specified that, "The Court retains jurisdiction to enforce the compromise agreed upon by the parties."[14]

On June 28, 2021, Calco filed the instant Motion to Reopen Case, asserting that Sunray "has made no effort to satisfy the settlement, ignored the Court's Order regarding settlement terms, and has acted in bad faith throughout these negotiations."[15] Calco asks the Court to reopen the case "so Calco can pursue all damages previously alleged (Rec. Doc. 1 and Rec. Doc. 5), in addition to asserting

---

[7] R. Docs. 2 & 4.
[8] R. Doc. 5.
[9] R. Doc. 7.
[10] R. Docs. 8 & 10.
[11] R. Doc. 20.
[12] *Id.*
[13] R. Doc. 21.
[14] *Id.*
[15] R. Doc. 29.

claims of bad faith during settlement negotiations against Sunray."[16] Calco contends that the terms of the settlement, which were memorialized on the record before Judge North, were as follows: (1) Sunray agreed to pay Calco $128,000.00 no later than February 12, 2021; (2) Sunray agreed to pay Calco $257,000.00 no later than April 28, 2021; and (3) if Sunray failed to meet the terms of the settlement, Sunray agreed to pay Calco $50,000.00 pursuant to a standard liquidated damage clause.[17] Calco asserts that it has not received a penny from Sunray since the settlement agreement was memorialized on January 25, 2021. Calco claims that Sunray has ignored the terms of the settlement agreement and has not provided Calco with a meaningful update on when the settlement funds should be received.[18] Calco further asserts that Sunray told Calco that "they" anticipated a settlement in another case that would be used to satisfy the terms of the settlement agreement with Calco.[19] As such, Calco asks the Court to reopen the case so that it can pursue its original claims against Sunray, as well as claims for Sunray's bad faith during the settlement negotiations and/or for ignoring the settlement terms.

Sunray opposes the Motion to the extent that Calco seeks any relief other than to enforce the legally binding settlement between the parties.[20] Sunray asserts that during two status conferences held by Judge North on April 14, 2021 and June 1, 2021, Sunray updated Calco of its intent to satisfy the terms of the settlement

---

[16] *Id.* at p. 1.
[17] R. Doc. 29-1 at pp. 1-2.
[18] *Id.* at p. 2.
[19] *Id.* (*citing* R. Docs. 25 & 26).
[20] R. Doc. 30 at p. 2.

agreement with funds anticipated to come from a settlement in another case.[21] Sunray claims that the settlement in the other case has not yet been consummated, preventing Sunray from fulfilling the terms of its settlement with Calco. Sunray further asserts that under Louisiana law, motions to reopen cases to relitigate issues are granted only where the settlement agreement was neither valid nor enforceable.[22] Sunray claims that the settlement agreement in this case is valid and enforceable. As such, Sunray claims that the appropriate relief for Calco to seek is to enforce the settlement agreement by obtaining a judgment, which can be enforced through normal collection methods. Sunray asserts that it offered to enter into a consent judgment to facilitate those efforts, but that its offer has not been accepted or explored by Calco.[23]

Sunray further asserts that there is no evidence to support Calco's bald assertion of bad faith during the settlement negotiations and/or for ignoring the Court's Order regarding settlement.[24] Sunray maintains that it has every intention to comply with the terms of the settlement agreement and although it has not yet had the ability to make the agreed upon payments, it has not breached the settlement agreement since the agreement provides for $50,000 in liquidated damages if Sunray is unable to make payments on time.[25] Sunray contends that the parties anticipated

---

[21] R. Doc. 30 at p. 2 (*citing* R. Docs. 25 & 26).
[22] R. Doc. 30 at p. 4 (citing *Rodgers v. Jefferson Parish Sheriff's Office*, Civ. A. No. 15-2642, 2016 WL 4427210, at *3 (E.D. La. June 28, 2016); *Napoleon Corp. v. Essex Ins. Co.*, Civ. A. No. 07-4921, 2009 WL 3834118, at *1 (E.D. La. Nov. 13, 2009); *Schmit v. State Farm Fire & Cas. Co.*, Civ. A. No. 07-5052, 2008 WL 2079920, at *2 (E.D. La. May 13, 2008); *Tapp v. Gulf Stream Coach, Inc.*, Civ. A. No. 08-1134, 2013 WL 12228987, at *2 (E.D. La. Jan. 14, 2013)).
[23] R. Doc. 30 at p. 5.
[24] *Id.*
[25] *Id.* (*citing* R. Doc. 28).

the present situation in the settlement agreement, expressly provided for it, and that it still intends to comply with the terms of the settlement agreement, including the liquidated damages provision. As such, Sunray asserts it has clearly not acted in bad faith.

In response, Calco asserts that it is not seeking to relitigate its claims, as there has been no litigation yet due to early settlement in this case.[26] Calco mentions that as a result of Sunray's nonpayment, it was forced to liquidate assets, including the sale of two vessels, barges and other equipment, and that Calco's owner had to sell his home and move his family with five children to a rental property.[27] Calco disputes Sunray's assertion that the parties included the liquidated damages clause in anticipation of Sunray's failure to pay, asserting that the clause was included "in the event Sunray did not make the first payment in two weeks."[28] Calco claims that it was unaware that Sunray's ability to pay was contingent upon the settlement of another case when the parties entered into the settlement agreement, and that it did not learn about the other case until the June 1, 2021 status conference with Judge North.[29] Relying on *Hassan v. Swiftships Ship Builders, LLC*, Calco asserts that a breach of the settlement agreement creates a bad faith cause of action for breach of contract over which this Court retains jurisdiction.[30] Calco argues that Sunray was not capable of and/or did not intend to make the first payment that was due to Calco

---

[26] R. Doc. 37 at p. 1.
[27] *Id.* at pp. 1-2.
[28] *Id.* at p. 2.
[29] *Id.* (*citing* R. Doc. 26).
[30] R. Doc. 37 at p. 2 (citing *Hassan*, Civ. A. No. 14-2592, 2015 WL 12564196 (E.D. La. Dec. 11, 2015)).

on February 28, 2021, and that Sunray only agreed to the settlement in an attempt to cap the damages Calco could recover.[31] Calco contends that Sunray's attempt to cap their damages by entering into the settlement agreement constitutes bad faith. Calco asserts that the case should be reopened to allow Calco to conduct necessary discovery, collect the total amount of funds owed, amend its pleadings to assert claims of bad faith, and so that the settlement agreement can be declared void.

## II. LAW AND ANALYSIS

Although no legal authority has been cited by Calco in support of its Motion to Reopen Case, Calco seems to be asking this Court to vacate the Order dismissing this case due to settlement,[32] thereby reopening this case and allowing the litigation to proceed. Calco seeks to reopen this case on the basis that Sunray has breached the settlement agreement between the parties by failing to make payments in accordance with the terms of the agreement. As such, the Court shall liberally construe the Motion as a Fed. R. Civ. P. 60(b)(6) motion for relief from judgment.[33]

The Fifth Circuit has held that when a settlement agreement is breached, a party has two remedies available: (1) an action to collect the amount due under the settlement agreement; *or* (2) a Rule 60(b)(6) motion to vacate the prior dismissal and reinstate the case.[34] By filing the instant Motion, Calco has apparently chosen the second option. Rule 60(b)(6) provides that, "On motion and upon such terms as are

---

[31] R. Doc. 37 at p. 2.
[32] R. Doc. 21.
[33] *See, Walker v. McCullum*, Civ. A. No. 2:07cv52-KS-MTP, 2008 WL 3285156, at *1 (S.D. Miss. Aug., 5, 2008) ("Although no authority has been cited by plaintiff in support of his [motion to reopen case], the court shall liberally construe it as a Rule 60(b) motion for a relief from judgment.").
[34] *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 605 (5th Cir. 1986) (citing *Harman v. Pauley*, 678 F.2d 479, 481 (4th Cir. 1982); *Warner v. Rossignol*, 513 F.2d 678, 683 (1st Cir. 1975)).

just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . any other reason that justifies relief."[35]  The Fifth Circuit has made clear that relief under this section is appropriate only in an "extraordinary situation" or "if extraordinary circumstances are present."[36]  According to the Fifth Circuit, "Clause (6) is a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances."[37]  Further, the decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion.[38]

Here, Calco seeks to reopen this case in order to litigate its original claims against Sunray and to assert additional claims of bad faith based upon Sunray's actions during and after settlement negotiations.  Calco, however, has failed to show that this case presents an extraordinary situation or involves extraordinary circumstances.  Calco has merely put forth conclusory allegations that Sunray acted in bad faith by failing to comply with a settlement agreement, which allegations are insufficient to justify relief under Rule 60(b)(6).[39]  Calco's allegations regarding the

---

[35] Fed. R. Civ. P. 60(b)(6).
[36] *U.S. ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005) (citing *Klapprott v. United States*, 335 U.S. 601, 613, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747-48 (5th Cir. 1995)).  *See*, *Theard v. Dep't of Civil Service, Louisiana*, Civ. A. No. 10-4165, 2012 WL 6161944, at *7 (E.D. La. Dec. 11, 2012) (citing *Hess v. Cockerell*, 281 F.3d 212, 216 (5th Cir. 2002); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)); *May v. Hummingbird Aviation, LLC*, Civ. A. No. 08-1190, 2009 WL 10679749, at *1 (E.D. La. Dec. 16, 2009) (citing *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998)).
[37] *Stipelcovich*, 805 F.2d at 604-05 (*citing* 7 J. Lucas & J. Moore, Moore's Federal Practice ¶ 60.27[2] at 274 (2d ed. 1985)).
[38] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).
[39] *Walker v. McCullum*, Civ. A. No. 2:07cv52-KS-MTP, 2008 WL 4186917, at *1 (S.D. Miss. Sept. 9, 2008) (concluding that plaintiff had failed to show that the case was an extraordinary situation or that extraordinary circumstances were present, "as he merely put forth conclusory allegations that defendants had failed to comply with a settlement agreement."); *Walker v. McCullum*, Civ. A. No. 2:07cv52-KS-MTP, 2008 WL 3285156, at *1 (S.D. Miss. Aug. 5, 2008) ("Plaintiff has failed to make

actions its owner has been forced to take as a result of Sunray's non-payment are troubling to the Court—as they should be to Sunray.  Disturbing as they may be, those actions do not allow the Court to fashion a remedy unsupported by the law. Having said that, the Court points out that Calco is not without a remedy.  Several courts in this Circuit have indicated that the appropriate remedy in this situation is for the complaining party to pursue a breach of contract action in state court.[40]

Although Calco cites *Hassan* in its Reply brief for its position that the breach of a settlement agreement creates a cause of action for bad faith breach of contract over which this Court retains jurisdiction,[41] that case is clearly distinguishable because it involved a motion to enforce the terms of a settlement agreement, not a motion to reopen the case and relitigate the underlying claims.  As such, that case does not create an inference that the facts of this case present an "extraordinary situation" or that "extraordinary circumstances are present," as required in this Circuit to justify relief under Rule 60(b)(6).  Accordingly, the Motion is denied.

---

such a showing.  He has merely put forth conclusory allegations that defendants have failed to comply with a settlement agreement.").

[40] *Gonzales v. Franklin*, Civ. A. No. 16-249-BAJ-EWD, 2018 WL 1440217, at *2 (M.D. La. Mar. 22, 2018) (citing *Walker v. McCullum*, Civ. A. No. 2:07cv52-KS-MTP, 2008 WL 4186917 at *1 (noting that "the appropriate remedy for defendants' alleged breach of the settlement agreement is a breach of contract action in state court, not a Rule 60(b)(6) motion")); *See*, *Walker v. McCullum*, Civ. A. No. 2:07cv52-KS-MTP, 2008 WL 3285156 at *1 ("Moreover, the appropriate remedy for defendants' alleged breach of the settlement agreement is a breach of contract action in state court, not the instant motion.") (citation omitted)); *Gonzalez v. Renaudin*, 1999 WL 527732, at *2 (E.D. La. July 21, 1999) (denying Rule 60(b)(6) relief based upon alleged breach of settlement agreement and holding it was a matter for state court) (citing *Kokkonen v. Guardian Life Insur. Co. of America*, 511 U.S. 375, 382, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Langley v. Jackson State Univ.*, 14 F.3d 1070, 1074 (5th Cir. 1994), *overruled by Kokkonen as recognized by Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 431 n.9 (5th Cir. 2002)).
[41] R. Doc. 37 at p. 3 (citing *Hassan*, Civ. A. No. 14-2592, 2015 WL 12564196 (E.D. La. Dec. 11, 2015).

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Exparte Motion to Reopen Case[42] is **DENIED.**

New Orleans, Louisiana, August 10, 2021.

                                                **WENDY B. VITTER**
                                                **United States District Judge**

---

[42] R. Doc. 29.